UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN J. KANIADAKIS,

    Plaintiff,

v.                                        CASE NO. 8:17-cv-1346-T-02JSS

SALESFORCE.COM, INC.,

    Defendant.
_____/

**O R D E R**

This motion comes before the Court on the Defendant Salesforce.com, Inc.'s Motion to Dismiss the Third Amended Complaint with prejudice (Dkt. 117). The gist of the motion is that the Court should dismiss the case under Fed. R. Civ. P. 12(b)(6) because the patent is drawn to an abstract idea, and is thus ineligible under 35 U.S.C. § 101. The Court has reviewed the pleadings on all sides of the issue and has taken argument from the parties' very able counsel at a hearing. The motion is denied.

Upon review of the operative complaint and all the moving papers, the Court's first instinct was to grant the motion to dismiss, primarily because the patent is poorly written as a matter of English usage, and it is difficult to decipher

exactly what it does from a concrete "invention" standpoint. This is especially true given the Supreme Court's unanimous decision in *Alice v. Corporation Pty. Ltd. v. CLS Bank International*, — U.S. —, 134 S.Ct. 2347, 189 L.Ed. 2d 296 (2014).

However, the Court is instructed and chastened by the Federal Circuit in *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121 (Fed. Cir. 2018), where that circuit reversed a Fed. R. Civ. P. 12(b)(6) dismissal on a "systems claim" patent by a Middle District of Florida court. The Federal Circuit cast doubt on the Rule 12(b)(6) dismissal without claims construction. *Id*. at 1125. The Court noted that the proposed second amended complaint had factual allegations "that, if accepted as true, establish that the [claim] contains inventive components and improves the workings of a computer." *Id*. The Court noted "[w]e have held that patentees who adequately allege their claims contain inventive concepts survive a § 101 eligibility analysis under Rule 12(b)(6)." *Id*. at 1126-27.

Plaintiff has met this low bar. *See generally Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010) (under Rule 12(b)(6) courts must accept as true all facts alleged, construing them in light most favorable to plaintiff).

**ACCORDINGLY**, the Motion to Dismiss (Dkt. 117) is denied.

**DONE AND ORDERED** at Tampa, Florida, on October 9, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record