# PLAINTIFF'S EXHIBIT "1"
# JANUARY 24, 2019

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN J. KANIADAKIS,

    Plaintiff,

v.

SALESFORCE.COM, INC.

    Defendant.

_____/

**PLAINTIFF'S RESPONSES AND OBJECTIONS
TO DEFENDANT'S FIRST SET OF INTERROGATORIES
TO STEVEN J. KANIADAKIS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Steven J. Kaniadakis ("Plaintiff"), by its attorneys, hereby responds and objects to Defendant salesforce.com, Inc.'s ("Defendant") First Set of Interrogatories (the "Interrogatories") Steven J. Kaniadakis. These responses and objections are based upon information presently available to Plaintiff and are provided without prejudice to Plaintiff's rights to revise and/or supplement these responses. Accordingly, these responses shall not be deemed to constitute admissions or representations that any statement or characterization is complete.

**PRELIMINARY STATEMENT**

Plaintiff's investigation, discovery, and analysis are ongoing, and Plaintiff's responses to each of the Interrogatories are based on information and documents presently available to Plaintiff after a reasonable investigation. Plaintiff reserves the right to supplement or amend these responses in the event further information and/or documents are disclosed or discovered. In addition, Plaintiff's responses are given without prejudice to

their rights to introduce as evidence at trial any subsequently discovered or unintentionally omitted information and/or documents.

Specific objections to the Interrogatories are made on an individual basis in the response below. In addition to these specific objections, Plaintiff makes certain continuing objections ("General Objections") to Defendant's "Definitions" for the Interrogatories. These General Objections are hereby incorporated by reference into the responses to the Interrogatories. For particular emphasis, Plaintiff has, from time to time, expressly included one or more of the General Objections in certain of its responses below. Plaintiff's responses to the Interrogatories are submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in a specific response. Accordingly, the inclusion of any specific objection in response to a Request below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objection or of any other specific objection made herein or that may be asserted at a later date. In addition, the failure to include at this time any continuing or specific objection to an Interrogatory is neither intended as, nor shall be deemed to be, a waiver of Plaintiff's rights to assert that or any other objection at a later date.

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to Defendant's request for interrogatories whether or not set forth in each response to each individual request.

1. Plaintiff objects to salesforce.com's directing discovery to Ametex, Inc., an entity who is not a party to this litigation. The responses made herein are made by Plaintiff and no other person, entity or organization.

2. Plaintiff objects to the term "document" as defined in the Request, as vague, ambiguous, overly broad, and unduly burdensome.

3. Plaintiff objects to the term "custodian" as defined in the Request, as vague, ambiguous, overly broad, and unduly burdensome.

4. Plaintiff objects to the terms "location" as defined in the Request, as vague, ambiguous, overly broad, and unduly burdensome.

5. Plaintiff objects to the terms "Related Patents/Applications" as defined in the Request, as vague, ambiguous, overly broad, and unduly burdensome.

6. Plaintiff objects to all instructions, interrogatories and interrogatories for production to the extent they relate to or seek information or documents protected from disclosure by the attorney-client privilege, work-product doctrine, or any other claim of privilege or immunity. Plaintiff further objects to salesforce.com regarding identification of documents and things protected by the attorney-client privilege, work-product doctrine, or any other claim of privilege or immunity. Plaintiff will comply with the requirements set forth in the Federal Rules of Civil Procedure as well as the Court's Local Rules, if any, regarding logging of privileged documents.

## REQUESTS FOR PRODUCTION OF INTERROGATORIES

### INTERROGATORY NO. 1:

Set forth the basis for Kaniadakis' claim that Salesforce infringes the '772 patent, including: **(1)** an identification of each claim ("Asserted Claim") of the '772 patent that is allegedly infringed by Salesforce, including for each claim the applicable statutory subsection of 35 U.S.C. § 271 asserted; **(2)** for each Asserted Claim, an identification of each accused apparatus, product, device, process, method, act of other instrumentality ("Accused Device"); **(3)** a chart identifying specifically where each element of each Asserted Claim is found within each Accused Device, including for each claim that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in

3

the Accused Device that performs the claimed function; **(4)** for each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement (insofar as alleged direct infringement is based on joint acts or multiple parties, the role of each such party in the direct infringement must be described); and **(5)** whether each element of each Asserted Claim is claimed to be literally present and/or present under the Doctrine of Equivalents in the Accused Device. If you claim infringement under the Doctrine of Equivalents, state the specific reasons why the differences between the Accused Device and the element(s) of the Asserted Claim are insubstantial.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects that this is one interrogatory. This is actually interrogatory one thru six. Plaintiff response is below.

The first part of the question as well as sub parts one and two are all included in the Third Amended Complaint filed on July 30th, 2018, Dkt. #114.

Plaintiff cannot answer sub parts 3, 4, or 5 because there has not been sufficient discovery received from the Defendant to be able to properly analyze the method used by Defendant.

**INTERROGATORY NO. 2:**

For each claim of the '772 patent, set forth the claimed subject matter's date of conception, date of reduction to practice, and date of "invention" under 35 U.S.C. § 102(g), identify each person involved in the conception or reduction to practice or each claim, the contribution of each individual identified to the conception and reduction to practice of each claim, and identify all documents concerning same, their custodians and locations(s).

**RESPONSE TO INTERROGATORY NO. 2:**

Need this information. **Conception:** To best of my understanding sometime before

4

**August 16, 2009** was date of "conception". Please refer to **Documents Folders 4, 7, and 11**. Contacts with Yahoo and Apple. For **Document Folder 7** see at least two (2) files named as, *"Apple-Yahoo-Pre-Hx_Pre-Disclosure…"* and *"Yahoo_DOC052318-…"*. For **Documents Folder 11** the same file names are enclosed as provided or disclosed elsewhere for defense counsel's various requests. These Documents Folders were made a reference to with documents production discovery. Documents also appear to show that my concept was as early **as** February 02, 2010 by discussions with "Quick Notes" C.E.O, among others here, and some follow-ups, e-mail communications, February 08, 2010. Symphony California H.Q., C.E.O/President February 05, 2010 which was a meeting located here in The State of Florida. Please see file named as *"IP_law_Tiral Prep_Discovery_CMR_Proposed-Plaintiff-Supplemental_Smith-Hopen_CDA-NDA_Early_ Email_Hx_Reduction-Buinsess_07-06-2018-DOC061218-…"* file name. (Note: This latter file name erroneously has "CMR". It is not about CMR.) February 15, 2010 correspondence to local intellectual property (for patents) law firm named "Smith-Hopen", among other things, for CDA/NDA about invention. Please see file named as, *"Discovery Proposed-Plaintiff-Supplemental Material To Supply in Response to SFDC's Requests"*. **Reduction:** To best of Plaintiff's recollection invention was made around the dates sometime before February 27, 2010 and on March 25, 2010. A standalone version of one alternate embodiment was made before November 25, 2010. A Chrome Store version predecessor to current Chrome Store version was made by the '772 patent method April 02, 2013 to operate in local machines and published to Chrome Store. Documents have been provided to defense counsel. Supplemental documents are in attorney-client *Drop Box* filing sharing site and/or already sent and uploaded to defense counsel in the summer time to Kite Works" site and by hard drive, computer disc, flash drive also sent by U.S. Certified mail with return Receipt Requested, mailed to defense counsel as another backup to electronic transfers of files. Also, confirmed receipts by defense counsel by e-mail, telephone and log reports from defense counsel's file sharing *Kite Works* site. **Contribution:** To best of my understanding of a meaning on "contribution", to the extent this means helped me with

programming type work, invention was made with help of others. **Documents Folder 1** provided copies of CDA/NDA documents and performance work, which described anything which may or may not be considered by the meanings "contribution". **Documents Folder 1** may also show that people and engineers who are skilled in the art understood the work, and signed/dated the performance work. To this extent that each person (engineer) skilled in the art understood these documents may be akin to a collective work or akin to an inventor's notebook, among other things.

**INTERROGATORY NO. 3:**

For each claim of the '772 patent, identify the first public use in the U.S., disclosure to third parties in the U.S., commercial use in the U.S., offer for sale in the U.S., or sale by Kaniadakis in the U.S., of any product or service embodying the claimed invention, the circumstances relating to such public use, disclosure, commercial use, offer for sale, or sale, the identity of all persons involved in such public use, disclosure, commercial use, offer for sale, or sale, and identify all documents concerning same, their custodian(s) and location(s).

**RESPONSE TO INTERROGATORY NO. 3:**

Need this information. Plaintiff allowed the method patent '772 to be first published on January 12, 2012 by the U.S.P.T.O for any/all the advantages it may have to offer. U.S. Copyright registration was filed August 11, 2010. Next Plaintiff recollection was a filing on February 04, 2011. See attached herewith **Documents Folder 14**. The '772 patent makes essentially two derivatives, the methods for which could running in computers and changing computing devices using the commercial brand names, House DR and Talking Head. To best of Plaintiff's recollection House DR was initially offered on sale at Plaintiff's Yahoo! website starting after filing the patent application and around the years 2010-2011. There was another professional magazine, Podiatry Today, which Plaintiff placed in this published an advertisement, and Plaintiff is searching for the date. The ad was placed about 2012-2013. Google Chrome Store started on or around February 20, 2013, and a second Chrome Store site was created October 23, 2015, according to Plaintiff's Google Chrome

6

Store dashboard. Plaintiff gave in person on stage presentation to a global audience at the HIMSS13, Health Information and Management Systems Society conference, February 18, 2013. Plaintiff offered to sell the patent to Google, cross-reference **Documents Folder 9**. U.S. Trademarks were published and registered with U.S.P.T.O, **Documents Folder 15**.

**INTERROGATORY NO. 4:**

Identify all entities or persons that Kaniadakis has executed a license and/or settlement agreement with, has asserted infringes the '772 patent, has placed on notice of the '772 patent, or whom Kaniadakis has offered to license the '772 patent or settle any claims of infringement thereof, identify all persons involved in the foregoing, and identify all documents concerning same, their custodian(s) and location(s).
**RESPONSE TO INTERROGATORY NO. 4:**
Need this information. Users listed with Google Chrome. The Google developer web store site is essentially custodian of records. Plaintiff's Google "dashboard" and Plaintiff's Google "merchant account" has users listed. Google essentially identifies all users with "order numbers". A list could be discovered by the spreadsheets already supplied to Defendant. Please refer to cross-referenced discovery disclosures in document production. See cross-references and as requested by Defendant's production and interrogatories requests, **Documents Folders 10 and 12** for "CSV" spreadsheets files, "PNG" and "PDF" images sent with documents production. Plaintiff's website is connected with PayPal for an alternate site. PayPal reports to website's database. A database list is reported and identified in table below. Upper table custodian is essentially Plaintiff's website database tables as reported from PayPal and user sign up registration. Lower two tables its custodian is essentially as reported from PayPal's with exported data.

7

| id | username | password | phonenumber | pincode | email | personalphonenumber | street | city | country |
|---|---|---|---|---|---|---|---|---|---|
| 90 | Miami | | 17278719999 | 7159 | owner@ametex101.com | 7278719999 | | Any City | United States |
| 91 | Nikallen81@gmail.com | Niclaual11 | 9379359742 | 5359 | nikallen81@gmail.com | 9379359742 | 7333 center street | Russells Point | United States |
| 92 | Kemran | Kemran123 | 5132066653 | 7949 | 48stateskem@gmail.com | 5132066653 | 660 Hilrose rd | Dayton | United States |
| 93 | timmorgan | Destiny1 | 17043252756 | 4362 | donalewinter@gmail.com | 17043252756 | | Greenboro | United States |

| Date | Type | | Name / Email | Amount | Fee | Net |
|---|---|---|---|---|---|---|
| 8/9/2016 | Subscription Payment | ID: 5JG75588TL5006154 | Darlene Kaniadakis darlenekaniadakis@gmail.com | 2.99 | -0.39 | 2.60 |
| 9/4/2016 | Subscription Payment | ID: 5KD06662RH692693W | Darlene Kaniadakis darlenekaniadakis@gmail.com | 2.99 | -0.39 | 2.60 |
| 4/22/2017 | Subscription Payment | ID: 09W693643S018281W | Siddiqur Talukder mimsrahman@gmail.com | 2.99 | -0.43 | 2.56 |
| 5/5/2017 | Subscription Payment | ID: 3YA231004R291312L | Nichole Allen Nikallen81@gmail.com | 2.99 | -0.39 | 2.60 |
| 5/22/2017 | Subscription Payment | ID: 1TR69634RC268723M | Siddiqur Talukder mimsrahman@gmail.com | 2.99 | -0.43 | 2.56 |
| 6/5/2017 | Subscription Payment | ID: 3P572472P1532631J | Nichole Allen Nikallen81@gmail.com | 2.99 | -0.39 | 2.60 |
| 6/22/2017 | Subscription Payment | ID: 7F964773Y37752905 | Siddiqur Talukder mimsrahman@gmail.com | 2.99 | -0.43 | 2.56 |
| 7/22/2017 | Subscription Payment | ID: 26C99588T27715224 | Siddiqur Talukder mimsrahman@gmail.com | 2.99 | -0.43 | 2.56 |

| Date | Time | TZ | Name | Description | Status | Currency | Amount | Fee |
|---|---|---|---|---|---|---|---|---|
| ######## | 3:51:35 | PDT | Siddiqur Talukder | Recurring Payment Received | Completed | USD | 2.99 | -0.43 |
| ######## | 6:12:44 | PDT | Siddiqur Talukder | Recurring Payment Received | Completed | USD | 2.99 | -0.43 |
| ######## | 17:50:22 | PDT | ... | Check Withdrawal from PayPal | Cashed | USD | -10.32 | -1.5 |
| 6/5/2017 | 4:32:02 | PDT | Nichole Allen | Recurring Payment Received | Completed | USD | 2.99 | -0.39 |
| ######## | 7:19:25 | PDT | Siddiqur Talukder | Recurring Payment Received | Completed | USD | 2.99 | -0.43 |
| 5/5/2017 | 21:32:24 | PDT | Nichole Allen | Recurring Payment Received | Completed | USD | 2.99 | -0.39 |
| ######## | 6:03:57 | PDT | Siddiqur Talukder | Recurring Payment Received | Completed | USD | 2.99 | -0.43 |
| ######## | 8:00:19 | PST | | | | | | |
| ######## | 6:50:48 | PST | | | | | | |
| ######## | 19:03:53 | PST | | | | | | |
| ######## | 19:03:53 | PST | | | | | | |
| 9/4/2016 | 9:11:08 | PDT | Darlene Kaniadakis | Recurring Payment Received | Completed | USD | 2.99 | -0.39 |
| 8/9/2016 | 5:58:40 | PDT | Darlene Kaniadakis | Update to eCheck Received | Updated | USD | 2.99 | -0.39 |
| 8/4/2016 | 11:26:11 | PDT | Darlene Kaniadakis | Recurring Payment Received | Completed | USD | 2.99 | -0.39 |

==Documents Folder 7== has file folder named, "IP_infoletter_PartialSamples_CEOsTheBorad_etel_HX_10-01-2014". This file folder has a list of notices sent. Attached hereto is ==Documents Folder 13==, a list of other such notices which have been sent. A cross-reference is made previously sent to Defendant. ==Documents Folder 7==.

**INTERROGATORY NO. 5:**

Identify all persons with a financial interest in the '772 patent, the Related Patents/Applications and/or this litigation, and identify all documents concerning same, their custodian(s) and location(s).

**RESPONSE TO INTERROGATORY NO. 5:**

~~Anyone other than Dr. K?~~ Plaintiff.

**INTERROGATORY NO. 6:**

Identify all persons who drafted, prosecuted or were otherwise involved in the preparation, processing or handling of the application from which the '772 patent issued and the Related Patents/Applications, and identify all documents concerning same, their custodian(s) and location(s).

**RESPONSE TO INTERROGATORY NO. 6:**

~~Steven J. Kaniadakis~~ Plaintiff authored and prosecuted the patent. No other parties were involved outside of the USPTO.

**INTERROGATORY NO. 7:**

For each product or service currently or previously made, used, offered for sale or sold by Kaniadakis, AMETEX, INC., or any of its licensees that Kaniadakis asserts is covered by any claim of the '772 patent, identify, separately by item, on a monthly basis, the number of units sold, the revenues generated, the costs incurred and profits and/or losses obtained by

9

Kaniadakis, AMETEX, INC., or any of its licensees in connection with such products and services.

**RESPONSE TO INTERROGATORY NO. 7:**

~~History will show up to 1,084 (one thousand eighty-four) downloads and up to approximately 395,660 (three hundred thousand, nine five thousand, six-hundred sixty) per year daily users. The current numbers and losses are also figured as submitted or as identified with Plaintiff's Response to Defendant's First Set of Requests for Production served to Defendant on/about May 29-30, 2018 and in his related responses, thereof. Numbers have been a subject to GOOGLE, INC. and Federal trade Commission ("FTC") and Consumer Protection agencies. Please refer to documents and responses severed as referenced in response to this interrogatories parts or subparts.~~ – please confirm that these numbers are accurate. What are the revenues, profits, losses, etc? There were up to 1,084 "weekly users" as defined by Google Chrome Store, and the numbers fluctuate. The amount of revenue that has been reported from Google, PayPal, and it has become all costs, a loss and no profits due to infringers and legal costs and expenses. The incoming amount of money is presently about $35.55/month.

**INTERROGATORY NO. 8:**

IDENTIFY all Prior Art known to Kaniadakis, and describe in detail all the manners or techniques by which the alleged invention in '772 patent improved upon the Prior Art, added functionality that did not exist in the Prior Art, or provided a variation on or upgrade of the Prior Art, and for each such claimed improvement, added functionality, or variation or upgrade, state whether Kaniadakis contends it was a non-obvious or unpredictable improvement, addition of functionality, variation or upgrade and why.

**RESPONSE TO INTERROGATORY NO. 8:**

We need to list the prior art, i.e. patents, publications, etc. that was cited by examiner or yourself. I will object to rest of the question because the patent explains it and the examiner agreed. Please refer to the patent '772 paragraphs with "BACKGROUND OF THE INVENTION"; citations "Skype, Click To Call", et al.; US36362210; US13180265; U.S. Pat. Nos. 3,566,365; 4,591,974; 5,519,607; 5,915,241; 5,325,293; 5,915,241; 5,809,476; 6,192,345; 7,676,386; 7,650,291; 7,739,123; 7,613,610; 7,610,192; 7,520,419; 7,233,938; 7,410,955; 6,915,254; 6,850,889; 6,820,093; 6,192,345; 5,483,443; US20120010900A1; US13180265. ; US20040122704A1; US9536141B2; USD795291S1; USD795289S1; US20130124217A1; US8781229B2; US20150154566A1; US10051047B2; Publications; Goh, et al.; Weiss, et al.; Poon, et al.; Saba; US7818691B2; US8180654B2; US20070046649A1; US20070046649A1; US5823948A; US5974389A; US20060116908A1; US20110093281A1; US20070055550A1; US20060212452A1; US7076436B1; US20060074719A1; US20070100660A1; US20060122865A1; US20040205529A1; US20020049615A1; US20020035487A1; US20040205042A1; US20020170565A1; US20060020444A1; US20080052124A1; US7000186B1; US13180265; 2004/0122704 A1; US20040122704 Sabol, et al. cited by examiner; Examiner's non-final office action cited voice calling, "G Talk" (Google) and "Skype".

11

# PLAINTIFF'S EXHIBIT "2"
# JANUARY 24, 2019



**STANTON IP LAW FIRM, P.A.**

VIA E-MAIL
Jeffrey Miller, Esq.
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-2112
Jeffrey.Miller@arnoldporter.com

Re: Kanaidakis v. Salesforce.com, Inc. et al, Case No. 8:17-cv-01346

Dear Counsel,

We write to you regarding Defendant's Objections and Responses to Plaintiff's Interrogatories to Defendant, Salesforce.com, Inc. and Defendant's Objections and Responses to Plaintiff's Request for Production to Defendant, Salesforce.com, Inc. The following are the Plaintiff's objections to the Defendant's objections listed in the interrogatories and corresponding request for production.

Interrogatories:

1) Object to response. Plaintiff is entitled to understand why you denied the factual allegations and on what basis. Including any documents to support those denials.
2) Object to response. Plaintiff is entitled to understand why you raised defenses and on what basis. Including any documents to support those denials.
3) Object to response. The entire basis of the infringement is on how Click-To-Dial works. The promotion of it is vital to understand the damages. It is unclear what you are objecting to as you object then say you will produce documents after a protective order, then say you are producing documents.
4) Object to response. The entire basis of the infringement is on how Click-To-Dial works and the integration with Lightning Voice is paramount. The promotion of it is vital to understand the damages. It is unclear what you are objecting to as you object then say you will produce documents after a protective order, then say you are producing documents.
5) Object to response. This is a key element to establish damages and the indirect infringement claim. You have stated that you do not sell Click-To-Dial, but it is both a feature available within your software and it is offered or promoted or given to your partners in order for them to use the Click-To-Dial in conjunction with your Lightning Voice. The revenues generated from products including Click-To-Dial, whether from end users or partners that resell or integrate the feature into their offering is important to establish the indirect infringement claim.
6) Object to response. This is a key element to establish damages and the indirect infringement claim. You have stated that you do not sell Click-To-Dial, but it is both a feature available within your software and it is offered or promoted or given to your partners in order for them to use the Click-To-Dial in conjunction with your Lightning Voice. The revenues generated from

---

P: 813.421.3883     201 E. Kennedy Blvd, Suite 825     protect@stantoniplaw.com
                    Tampa, FL 33602

 www.stantoniplaw.com      Florida and New York



STANTON IP LAW FIRM, P.A.

products including Click-To-Dial, whether from end users or partners that resell or integrate the feature into their offering is important to establish the indirect infringement claim.

7) Requires protective order, understood.
8) Object to response. This is a key element to establish damages and the indirect infringement claim. You have stated that you do not sell Click-To-Dial, but it is both a feature available within your software and it is offered or promoted or given to your partners in order for them to use the Click-To-Dial in conjunction with your Lightning Voice. The revenues generated from products including Click-To-Dial, whether from end users or partners that resell or integrate the feature into their offering is important to establish the indirect infringement claim.
9) Object to response. This is a key element to establish damages. You have stated that you do not sell Click-To-Dial, but it is both a feature available within your software and it is offered or promoted or given to your partners in order for them to use the Click-To-Dial in conjunction with your Lightning Voice. The revenues generated from products including Click-To-Dial, whether from end users or partners that resell or integrate the feature into their offering is important to establish the indirect infringement claim. Further it is unclear if you are objecting to this or waiting on a protective order, or both.
10) Object to response. This is a key element to establish damages. You have stated that you do not sell Click-To-Dial, but it is both a feature available within your software and it is offered or promoted or given to your partners in order for them to use the Click-To-Dial in conjunction with your Lightning Voice. The revenues generated from products including Click-To-Dial, whether from end users or partners that resell or integrate the feature into their offering is important to establish the indirect infringement claim. Further it is unclear if you are objecting to this or waiting on a protective order, or both.
11) Object to response. This is a key element to establish direct infringement. This is a method patent and in order to understand if infringement is occurring within a product we need to understand how it works. Further it is unclear if you are objecting to this or waiting on a protective order, or both.
12) Object to response. This is a key element to establish direct infringement. This is a method patent and in order to understand if infringement is occurring within a product we need to understand how it works. Further it is unclear if you are objecting to this or waiting on a protective order, or both.
13) Object to response. This is important to establish willful infringement. Do not understand what is needed for confidential purposes on this or the need for a protective order.
14) Object to response. Plaintiff is entitled to understand why you believe you are not infringing. Including any documents to support those denials.

Sincerely,

Thomas Stanton

P: 813.421.3883     201 E. Kennedy Blvd, Suite 825     protect@stantoniplaw.com
                    Tampa, FL 33602

 www.stantoniplaw.com      Florida and New York