UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN J. KANIADAKIS,

    Plaintiff,

v.                               CASE NO. 8:17-cv-1346-T-02JSS

SALESFORCE.COM, INC.,

    Defendant.
_____/

# **O R D E R**

Before the Court is Plaintiff's Second Motion to Compel Discovery (Dkt. 149); Defendant's Opposition to Plaintiff's Motion to Compel Discovery (Dkt. 153); Plaintiff's Supplemental Pages, Referenced Exh[i]bits, to Motion to Compel Defendant (Dkt. 158); and Plaintiff's Motion for Hearing (Dkt. 155). Upon consideration of the parties' submissions, Plaintiff's motion to compel is denied without prejudice, and his motion for a hearing is denied as moot.

Plaintiff's motion to compel is denied without prejudice because it does not comply with Local Rule 3.04(a). That rule provides:

> A motion to compel discovery pursuant to . . . Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory . . . or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and

grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

Local Rules for the United States District Court for the Middle District of Florida, *available at* https://www.flmd.uscourts.gov/local-rules. Plaintiff's motion does not comply with these requirements. As a result, the Court cannot determine which discovery requests are at issue in the motion to compel and what, precisely, Plaintiff contends is deficient about Defendant's responses to each of the requests at issue.

If Plaintiff files a renewed motion, that motion must comply with Local Rule 3.04(a). Specifically, for each discovery response that is addressed in any renewed motion to compel, Plaintiff must: (1) quote in full the interrogatory or request for production; (2) quote in full the answer or response as stated by Defendant immediately after the quoted interrogatory or request; and (3) explain why the motion to compel should be granted as to that interrogatory or request immediately after the quoted answer or response. For requirements (1) and (2), it is not sufficient for Plaintiff to refer to attached copies of his discovery requests and Defendant's responses. Instead, the discovery requests and responses must be quoted in the motion itself.

A renewed motion must also be supported by a renewed Local Rule 3.01(g) conference and certification. The parties are warned that the rule requires that the parties confer "in a good faith effort to resolve the issues raised by the motion." Exchanges of ultimatums generally do not satisfy the good faith requirement.

Plaintiff is also advised that the 25-page limit of Local Rule 3.01(a) applies only to the text of the motion and memorandum of law. Thus, if Plaintiff wishes to re-file Exhibits 1, 2, and 3 (currently in the docket as Dkt. 158-1, 158-2, and 158-3) with a renewed motion, he may do so without requesting permission to file excess pages.

Accordingly, Plaintiff's Second Motion to Compel Discovery (Dkt. 149) is denied without prejudice. Because his motion to compel has been denied, his Motion for Hearing (Dkt. 155) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on February 5, 2019.

*s/William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Plaintiff, pro se